# *Site Update Solutions LLC v. Newegg Inc.*
# *Motion for Attorneys' Fees*

Case No. 5:11-cv-03306-PSG

September 24, 2014

Honorable Paul S. Grewal

Case: 1:12-cv-01360 Doc.: 123 Document: 1 Filed: 09/26/14 Page: 2 of 52

- An exceptional case is "simply one that stands out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case it litigated."

*Octane Fitness, LLC v. Icon Health & Fitness, Inc.,* 134 S. Ct. 1749, 1756 (2014)

● Other considerations including "frivolousness, motivation, objective reasonableness (both in the factual and legal components of the case) and the <span style="color:red">need in particular circumstances to advance considerations of compensation and deterrence</span>."

*Octane,* 134 S. Ct. at 1756, n. 6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)

# Supreme Court Rejects Old Standard

Case: 14-0S00-RS SHO Document 1037 Filed 08/25/14 Page 4 of 52

- *Brooks Furniture* required:
  - (1) objectively baseless; and
  - (2) subjective bad faith

- Supreme Court found this test:
  - "unduly rigid"; and
  - "so demanding that it would appear to render § 285 largely superfluous"

*Octane,* 134 S. Ct. at 1755, 1758

# Denial of Fees Under Old "Unduly Rigid" Standard

- Despite:
  - (1) Site Update's "highly problematic" and "likely... frivolous" Texas MPF constructions
  - (2) Site Update's "not entirely frivolous" California MPF constructions
  - (3) Site Update's failure to follow MPF law
  - (4) Site Update's assertion of single claim with indefinite concerns on four separate terms
  - (5) Court's recognition that accepting Site Update's positions would "get [the Court] in trouble"
  - (6) Site Update's infringement theory of "website database" that was contrary to the intrinsic record
  - (7) Site Update's settlement pattern that "raised eyebrows"

"Highly problematic" positions in Texas: structure = CGI Program/ script

Ignored "table of files/search engines" as linked structure that would get Court in trouble

Court's concern that 4 elements are indefinite

8 MPF elements; but failed to follow MPF law – no linkage, no algorithm

Theory that both the website database and website is met by Newegg's website

**8.** An apparatus for updating an internet search engine database with current content from a web site, comprising:

a means for creating and modifying a database of a web site wherein said website database contains content capable of being indexed by an internet search engine;

a means for identifying, using said web site database, new, deleted, [unmodified] or modified content;

a means for transmitting to said internet search engine a set of indices, wherein said set of indices comprises said new, deleted, unmodified or modified database content;

a means for opening, by a user, a form on a computer to enable or disable internet search engines to be updated with information;

a means for enabling or disabling, by said user, the appropriate internet search engines on said form;

a means for submitting, by said user, said information to a script;

a means for parsing, through the user of said script, said information from said form; and

a means for updating, through the use of said script, said database of search engine.

RE40,683 claim 8

6

- Loophole #1: dismissal or changing positions can cure prior frivolous ones
- Loophole #2: frivolous positions can be excusable because patents or the law is complicated or 'misunderstood'

- *Octane'*s deterrence consideration counsels against creating these loopholes

- "highly problematic", "frivolous", and "not entirely frivolous" MPF positions
- Site Update admits (on appeal) California positions "not materially different" from frivolous Texas ones
- Newegg exposed Site Update's case at first opportunity – *Markman* (*See Eon-Net*)
- Dismissal cannot cure two-and-a-half years of litigating a single claim premised on frivolous or partially frivolous positions

- Site Update chose to assert a single MPF claim and had a duty to know and follow MPF law

- But Court found that Site Update misunderstood:

16
17

> SUS misunderstood the Federal Circuit's guidance both during claim construction and again here in its defense to this opposition. A structure can qualify as a stand-alone "special

Order at 22

- Under *Octane*, 'misunderstanding' exposes the absence of any "substantive strength" in its "litigation position" considering the "governing law"

9

- Site Update's only defense is that the law is complicated and the Federal Circuit's law is unclear:



> way performs the claimed function." Dkt No. 665, p. 22. With all due respect, SUS respectfully submits that
>
> the Federal Circuit's guidance is not so clear. Without limitation, the *TecSec* and *Elekta* cases cited above

SUS Opp'n at 13

- The Federal Circuit believed the law is fairly clear:

```
10              CHIEF JUDGE PROST:  Well, one could say that about,
11    unfortunately, pretty much anything in patent law, right?
12              MR. EDMONDS:  Yeah, I know.  But it's a complex legal
13    framework and also, underlying that, in the factual disputes as
14    well.  Yet, there's --
15              THE COURT:  Well, it's complex but I think our
16    precedent is fairly clear that if you're a means-plus-function
17    test and you're looking at the computer environment, a general
18    computer isn't enough.  I mean, I know you said that it is, but
19    I don't see how that's a reasonable reading of our precedent.
20    I think that it says if you're looking to a general computer,
21    you have to specify an algorithm, too.
```

CAFC Transcript at 14:10-21

# Loophole #2: Failure to Follow Law Cannot Be Excused

- Federal Circuit's MPF law is consistent and clear:



*Aristocrat:* general purpose computer insufficient for computer MPF – needs **algorithm**

RE '683 notice of allowance

'198 (original patent) issues

*Typhoon Touch:* **algorithm** can be a mathematical formula, in prose, a flow chart... (citing *Finisar*)

*Tec-Sec.:* **algorithm** can be a mathematical formula, in prose, a flow chart... (citing *Finisar*)

RE '683 issues

*Ergo:* If special programming is required, default rule requiring an **algorithm** applies

| 2001 ... | 2008 | 2009 | 2010 | 2011 | 2012 | 2013 | 2014 |

*Blackboard:* MPF claim invalid if spec fails to disclose **algorithm** for performing claimed function

PTO issues MPEP 8th Ed., Rev. 9: revision to § 2181 adding Computer Implemented MPF Section / **algorithm** requirement

*Finisar:* **algorithm** can be a mathematical formula, in prose, a flow chart...

*HTC Corp.:* the specification had to disclose **algorithm** to one of skill in the art

*Noah:* disclosed **algorithm** to perform function, or limitation is indefinite

11



- Site Update **continues** through its Opposition to Fees before this Court to 'misunderstand' MPF law



- Files Complaint asserting only one MPF claim
- Should have necessarily relied on understanding of how MPF claim would be construed for Rule 11 basis to file Complaint

13



- Cites *Aristocrat* and *Finisar* for algorithm/ linkage requirement

- Yet no linkage or algorithms – just "CGI program/script" as structure for 6 of 8 MPF elements



- Defendants repeatedly point out failure to follow MPF law – <span style="color:red">no structure or algorithm linked</span> to performing claimed function



- Still cites *Aristocrat* and *Finisar* for algorithm/ linkage requirement

- Adds generic computer structures (database, form, web server) to constructions

- Still <span style="color:red">no linkage or algorithms</span>



- Introduces "special purpose computer" argument for the <u>first time</u>
  - Sole support is mischaracterization of N.D. Ill. case: *Goss Intern. Am., Inc. v. Graphic Mgmt. Assoc., Inc.,* 739 F. Supp. 2d 1089, 1100 (N.D. Ill. 2010).
- Still <span style="color:red">no linkage or algorithms</span>
  - Instead, disingenuous argument that, for the algorithm requirement to apply, Defendants have the burden to prove that a general purpose computer is insufficient

6  Although Defendants urge that several Patent structures are "general purpose

7  computers," Defendants fail to discuss what is a general purpose computer. General purpose

8  computers are computers like "processors." *HTC Corp. v. IPCom GmbH & Co., KG*, 667 F.3d

9  1270, 1280 (Fed. Cir. 2012). The kind of general, non-special, purposes general computers

10  achieve are:

11  • processing (*Ergo Licensing*, 673 F.3d at 1365);

12  • receiving data (*Id.*);

13  • storing data (*Id.*);

• retrieving data (*Pavilion Techs.*, 2006 WL 6210180, at *5;

14

15  • simple arithmetical operations (*Id.* at *9); and

• functions performable by a general purpose computer using only off-the-shelf

16  software (*Id.* at *9).

17  On the other hand, a special purpose computer can be as simple as a controller (*Goss

18  Int'l Americas, Inc. v. Graphic Mgmt. Assocs., Inc.*, 739 F. Supp. 2d 1089, 1100 (N.D. Ill.

19  2010). Examples of non-general, special purposes include:

20  ➤ controlling adjusting means (*Ergo Licensing*, 673 F.3d at 1365);

21  ➤ "entering," "deleting," "reviewing," and "adjusting" financial transaction data
(*Noah Sys. Inc. v. Intuit Inc.*, 675 F.3d 1302, 1315 (Fed. Cir. 2012);

22  ➤ assigning numbers to stopping positions (*Pavilion Techs.*, 2006 WL 6210180, at
23  *8;

24  ➤ time domain processing (*Id.*); and

➤ assigning a plurality of numbers representing the angular positions of each slot
25  reel in a slot machine (*Katz Interactive Call Processing Patent Litig. v. Am.
26  Airlines, Inc.*, 639 F.3d 1303, 1314 (Fed. Cir. 2011).

Examples of the "rare circumstance" that a general purpose computer does not need special purpose programming because none is needed to perform the function. *In re Katz,* 639 F.3d at 1316.

The entirety of Site Update's flawed legal support

Examples where the Federal Circuit / a district court required an algorithm linked to performing the claimed function

SUS *Markman* Reply at 3

- Site Update's disingenuous justification for no linkage or algorithms:

14      Further, for the algorithm requirement to apply, Defendants must present at least

15   substantial evidence that a general purpose computer cannot perform the relevant means-plus-

16   function functions (*In Re Katz Interactive Call Processing Patent Litigation*, No. MDL 2:07-

17   ML-1816-B-RGK at 3 (C.D. Cal., May 24, 2012) (attached as Exhibit 1)), but, because the

18   issue relates to invalidity, it more likely requires proof by clear and convincing evidence.

SUS California
*Markman* Reply at 4

- Repeated this remarkable argument in its Opposition to Fees and Appellee Brief (but not in its latest Opposition)

19

# Loophole #2: Ever-changing MPF Positions



- Court rejects Site Update's misrepresentation of *Goss*
- Requires disclosed algorithm linked to performing the claimed functions

20

## More Like?

**combination of a web server, Common Gateway Interface (CGI) program, website database and form**



General-purpose computers:

- *processing*
- *receiving data*
- *storing data*
- *retrieving data*
- *simple arithmetical operations*
- *functions performable by a general purpose computer using only off-the-shelf software*

*Ergo Licensing*, 673 F.3d at 1365; *Noah Sys.*, 675 F.3d at 1315 ; *Pavilion Techs.*, 2006 WL 6210180, at *8; *Katz Interactive Call Processing Patent Litig.*, 639 F.3d at 1314

Special-purpose computers:

- ➢ controlling adjusting means
- ➢ "entering," "deleting," "reviewing," and "adjusting" financial transaction data
- ➢ assigning numbers to stopping positions
- ➢ time domain processing
- ➢ assigning a plurality of numbers representing the angular positions of each slot reel in a slot machine

*Ergo Licensing*, 673 F.3d at 1365; *Noah Sys. Inc. v. Intuit Inc.*, 675 F.3d 1302, 1315 (Fed. Cir. 2012); *Pavilion Techs.*, 2006 WL 6210180, at *8; *Katz Interactive Call Processing Patent Litig. v. Am. Airlines, Inc.*, 639 F.3d 1303, 1314 (Fed. Cir. 2011)





SUS *Markman* presentation (July 20, 2012)



- Confuses or changes position of when a linked algorithm is required

- Pleads that MPF law is complicated

- Still no linkage or algorithms

  - Again, disingenuous argument that, for the algorithm requirement to apply, Defendants have the burden to prove that a general purpose computer is insufficient

22    discussed *supra* at page 2. As borne out in the *Markman* briefing and hearing, one fundamental

23    difference that the Court resolve was whether the combination of a web server,[1] CGI interface

24    script and website database was a general purpose computer or special purpose computer. If it

25    was the latter, then the construction of the disputed "means for" terms would be limited to

26    algorithms disclosed in the specification (or indefinite absent disclosure of such algorithms). *See*

1    *generally Aristocrat Techs. v. Int'l Game Tech.*, 521 F.3d 1328 (Fed. Cir. 2008), and its progeny.

2    If it was the former, such a limitation would be improper. *See, e.g., Ergo Licensing v. CareFusion*

3    *303 673* F.3d 1361, 1364, 1365 (Fed. Cir. 2012); *Pavilion Techs., v. Emerson Elec.,,* 2006 WL

4    6210180, *8, *9 (W.D. Tex. Sept. 5, 2006); *see also Froessl v. Hewlett-Packard*, No. C-01-

5    20924, 2002 WL 34455177, at *3–*5 (N.D. Cal. 2002).[2] These complicated issues involving M-

6

7    P-Fs claims received well reasoned and substantial briefing and argument. *See, e.g.,* SUS's

Clear MPF law that Defendants and the Court understood

SUS Opp'n to Original Motion for Fees at 7-8

23

- Site Update's disingenuous justification for <span style="color:red">no linkage or algorithms</span>:



SUS Opp'n to
Original Motion for
Fees at 8



- Site Update fails to explain or rebut argument that it continues to change its MPF positions

- Still <span style="color:red">no linkage or algorithms</span>

- Court's Order recognizes Site Update's arguments as a continued 'misunderstanding':

16  SUS misunderstood the Federal Circuit's guidance both during claim construction and

17  again here in its defense to this opposition.  A structure can qualify as a stand-alone "special

Order at 22



Reverts back to special purpose computer argument based on misrepresentation of *Goss*

Still <span style="color:red">no linkage or algorithm</span>

- Again, disingenuous argument that, for the algorithm requirement to apply, Defendants have the burden to prove that a general purpose computer is insufficient

General purpose computers are like "processors." *HTC Corp. v. IPCom GmbH & Co.,* 667 F.3d 1270, 1280 (Fed. Cir. 2012). The kind of general, non-special purposes that general computers achieve are:

- processing (*Ergo Licensing,* 673 F.3d at 1365);
- receiving data (*Id.*);
- storing data (*Id.*);
- retrieving data (*Pavilion Techs.,* 2006 WL 6210180 at *5);
- simple arithmetical operations (*Id.* at *9); and
- functions performable by a general purpose computer using only off-the-shelf software (*Id.* at *9).

Examples of the "rare circumstance" that a general purpose computer does not need special purpose programming because none is needed to perform the function. *In re Katz,* 639 F.3d at 1316.

On the other hand, a special purpose computer can be as simple as a controller (*Goss Int'l Americas, Inc. v. Graphic Mgmt. Assocs., Inc.,* 739 F. Supp. 2d 1089, 1100 (N.D. Ill. 2010). Examples of non-general, special purposes include:

The entirety of Site Update's flawed legal support

- controlling adjusting means (*Ergo Licensing,* 673 F.3d at 1365);
- "entering," "deleting," "reviewing," and "adjusting" financial transaction data (*Noah Sys. Inc. v. Intuit Inc.,* 675 F.3d 1302, 1315 (Fed. Cir. 2012));
- assigning numbers to stopping positions (*Pavilion Techs.,* 2006 WL 6210180, at *8);
- time domain processing (*Id.*);
- and assigning a plurality of numbers representing the angular positions of each slot reel in a slot machine (*Katz Interactive Call Processing Patent Litig. v. Am. Airlines, Inc.,* 639 F.3d 1303, 1314 (Fed. Cir. 2011)).

Examples where the Federal Circuit / a district court required an algorithm linked to performing the claimed function

SUS Appellee Brief at 22-23

- Site Update's disingenuous justification for no linkage or algorithms:

Further, for the algorithm requirement to apply, Newegg had to present at least substantial evidence that a general purpose computer cannot perform the relevant means-plus-function functions. *In Re Katz Interactive Call Processing Patent Litigation*, No. MDL 2:07-ML-1816-B-RGK at 3 (C.D. Cal., May 24, 2012). Yet

SUS Appellee Brief at 25



- Continues to confuse its MPF positions and justifications
- Reverts to general purpose computer with no algorithm argument
- Still no linkage or algorithms

```
 5              THE COURT:  What's your position?

 6              MR. EDMONDS:  Well, my position is that the

 7    plaintiffs believe that it was a general purpose computer for

 8    which no additional algorithm was necessary was a reasonable

 9    position to take.

10              CHIEF JUDGE PROST:  Based on what?  I mean, the

11    district court cited a dissent by Judge Newman and may be a

12    district court case, I'm not sure.  Is that the legal basis for

13    you to think that there was some basis for you to assert that

14    this was sufficient structure under our case law?
```

CAFC Transcript at 13:5-14

30



| Complaint: one MPF claim | Defendants' Responsive Brief | California *Markman* Reply | Opposition to Fees | | CAFC Brief | Opposition to Fees |
|---|---|---|---|---|---|---|
| **2010** | **2011** | **2012** | **2013** | | **2014** | |
| | Texas *Markman* Brief | California *Markman* Brief | *Markman* Hearing | Fee Hearing | CAFC Hearing | |

- Abandons reliance on *Goss*

- New argument demonstrates the absence of substantive strength in Site Update's positions through dismissal:
  - web server (general computer) becomes a special purpose computer with "described and disclosed software" from other generic structures (*e.g.,* database, form, CGI, and/or other structures) and does not require an algorithm

- Still no linkage or algorithm



20 | provided enough structure that no algorithm was necessary. If these elements combined to form a "special

21 | purpose computer," then the construction of the disputed "means for" terms would not be limited to algorithms

22 |

23 | disclosed in the specification (or indefinite, absent disclosure of such algorithms). ~~See, e.g., Aristocrat Tech.~~

24 | ~~v. Int'l Game Tech., 521 F.3d 1328 (Fed. Cir. 2008)~~. Likewise, even if the web server is deemed merely to

25 | constitute a general computer, if the described and disclosed software of the CGI script, agent, form (including

26 | robots.txt file), and/or website database provide sufficient software disclosure to convert a web server into a

27 | special purpose computer for purposes of the "means for" limitations, then no algorithm is necessary either.

28 | See, e.g., TecSec, Inc. v. International Business Machines Corp., 731 F.3d 1336 (Fed. Cir. 2013) ("The

Old *Goss* "special purpose computer" argument

New argument

SUS Opp'n. at 12

32

● Different arguments than opp'n to Original Fee Motion:



SUS Opp'n. To Original Fee Motion, at 12-13 (Dec. 17, 2012) (*see* slide 23)

Clear MPF law that Defendants and the Court understood



Old *Goss* "special purpose computer" argument

SUS Opp'n. At 12-13 (Aug. 20, 2014)

# Expert Declaration Further Makes this Case "Stand Out"

- Dr. Lavian relied on 'misunderstood' legal standards in forming his opinions:



Lavian Declaration, ¶ 12

# Expert Declaration Further Makes this Case "Stand Out"

- Fails to explain how any structures are <span style="color:red">linked to performing the claimed functions</span>

- At best, he offers conclusory statements without any actual support for his positions:

23
24
25

81.   For the reasons described below, I disagree and believe that one of ordinary skill in the art would understand that the combination of a web server and a CGI script is clearly linked to that function.

Lavian Declaration, ¶ 81

**"Highly problematic" positions in Texas: structure = CGI Program/ script**

Ignored "table of files/search engines" as linked structure that would get Court in trouble

**Court's concern that 4 elements are indefinite**

**8.** An apparatus for updating an internet search engine database with current content from a web site, comprising:

a means for creating and modifying a database of a web site wherein said website database contains content capable of being indexed by an internet search engine;

a means for identifying, using said web site database, new, deleted, [unmodified] or modified content;

a means for transmitting to said internet search engine a set of indices, wherein said set of indices comprises said new, deleted, unmodified or modified database content;

a means for opening, by a user, a form on a computer to enable or disable internet search engines to be updated with information;

a means for enabling or disabling, by said user, the appropriate internet search engines on said form;

a means for submitting, by said user, said information to a script;

a means for parsing, through the user of said script, said information from said form; and

a means for updating, through the use of said script, said database of search engine.

**8 MPF elements; but failed to follow MPF law – no linkage, no algorithm**

Theory that both the website database and website is met by Newegg's website

RE40,683 claim 8

"Highly problematic" positions in Texas: structure = CGI Program/ script

**Ignored "table of files/search engines" as linked structure that would get Court in trouble**

Court's concern that 4 elements are indefinite

**8.** An apparatus for updating an internet search engine database with current content from a web site, comprising:

a means for creating and modifying a database of a web site wherein said website database contains content capable of being indexed by an internet search engine;

a means for identifying, using said web site database, new, deleted, [unmodified] or modified content;

a means for transmitting to said internet search engine a set of indices, wherein said set of indices comprises said new, deleted, unmodified or modified database content;

a means for opening, by a user, a form on a computer to enable or disable internet search engines to be updated with information;

a means for enabling or disabling, by said user, the appropriate internet search engines on said form;

a means for submitting, by said user, said information to a script;

a means for parsing, through the user of said script, said information from said form; and

a means for updating, through the use of said script, said database of search engine.

8 MPF elements; but failed to follow MPF law – no linkage, no algorithm

Theory that both the website database and website is met by Newegg's website

RE40,683 claim 8

- Another example of the absence of substantive strength in Site Update's litigation position
- Court recognized importance at *Markman*:

The Court: I'm just asking, whether I do it here or whether I do it somewhere else in the claim, it would seem to me that column 7 is specifically linking the table of files, table of search engines database to the one or more structures performed in one or more of these functions and I better include it somewhere or else I'm going to get in trouble. Isn't that fair?

*Markman* Tr. 75:4-9.

- Site Update urged the Court to disregard the specific database tables as linked structure:

> The Court: Well, perhaps you're right that the creation and modification is agnostic as to whether there's a Table of Files or a Table of Search Engines in the database. But this would certainly suggest that somewhere in this construction, I have to explain that the way that this invention works is that there is a Table of Files and a Table of Search Engines. Right?
>
> Ms. Lipski: Well, I believe there has to be a website database. I don't think there has to be a Table of Files and a Table of Search Engines.
>
> The Court: But isn't the – isn't the inventor teaching this very specific structure, and how can I ignore what is clearly linked?
>
> Ms. Lipski: The inventor is giving a specific preferred embodiment, and they go so far as to –
>
> The Court: Yeah, but this is a 112(6) claim, right? So –
>
> Ms. Lipski: I understand that, your honor.
>
> *Id.* at 74:7-25.

- Advanced unsupported "specific preferred embodiment" argument

- Illogical for Site Update to argue that "website database" is linked structure, but the specific database disclosed in the patent was not

  - *Mettler-Toledo, Inc. v. B-Tek Scales, LLC*, 667 F.3d 1291, 1295-96 (Fed. Cir. 2012) (rejecting an argument that a generic A/D converter was linked structure when the specification linked the specific multiple slope integrating A/D converter to performing the function)

# Disregard for Table of Files/Search Engines

● Court rejects Site Update's argument that "website database" is sufficient:

Ms. Lipski: Well, I think that the claim language that was used by the patentee is "website database," so I think that's kind of where the issue you're concerned about comes in. What is claimed is a website database not necessarily using this Table of Files and Table of Search Engines specifically, and "website database" is, of course, not a means-plus-function term.

Court: No. But what's claimed as a means-plus-function term, it just seems to me that the inventor is specifically saying to the ordinarily skilled artisan, "this is what structure performs one of these functions," and I'll grant you, it may not be this particular function, it might be somewhere else, but since you brought this up, *I'm just at a loss as to how I can ignore that specific teaching that this is linked to that.*

*Id.* at 75:11-25 (emphasis added).

41

# Disregard for Table of Files/Search Engines

- Court rejects Site Update's argument that "website database" is sufficient:

> Ms. Lipski: Well, I think that the claim language that was used by the patentee is "website database," so I think that's kind of where the issue you're concerned about comes in. What is claimed is a website database not necessarily using this Table of Files and Table of Search Engines specifically, and "website database" is, of course, not a means-plus-function term.
>
> Court: No. But what's claimed as a means-plus-function term, it just seems to me that the inventor is specifically saying to the ordinarily skilled artisan, "this is what structure performs one of these functions," and I'll grant you, it may not be this particular function, it might be somewhere else, but since you brought this up, *I'm just at a loss as to how I can ignore that specific teaching that this is linked to that.*
>
> *Id.* at 75:11-25 (emphasis added).

"Highly problematic" positions in Texas: structure = CGI Program/ script

Ignored "table of files/search engines" as linked structure that would get Court in trouble

Court's concern that 4 elements are indefinite

**8.** An apparatus for updating an internet search engine database with current content from a web site, comprising:

a means for creating and modifying a database of a web site wherein said website database contains content capable of being indexed by an internet search engine;

a means for identifying, using said web site database, new, deleted, [unmodified] or modified content;

a means for transmitting to said internet search engine a set of indices, wherein said set of indices comprises said new, deleted, unmodified or modified database content;

a means for opening, by a user, a form on a computer to enable or disable internet search engines to be updated with information;

a means for enabling or disabling, by said user, the appropriate internet search engines on said form;

a means for submitting, by said user, said information to a script;

a means for parsing, through the user of said script, said information from said form; and

a means for updating, through the use of said script, said database of search engine.

8 MPF elements; but failed to follow MPF law – no linkage, no algorithm

**Theory that both the website database and website is met by Newegg's website**

RE40,683 claim 8

43

- Site Update's infringement theory:

- <u>Claim Required:</u>                    <u>Infringement Read:</u>

(1) Website                                    (1) Newegg's website

(2) Website ~~database~~

                                                    (2) Newegg's Sitemap

(3) set of indices

- The record confirms Site Update's infringement theory:

| A means for creating and modifying a database of a web site wherein said website database contains content capable of being indexed by an internet search engine; | The database is the collection of content on the website, including but not limited to all html files.<br><br>Web crawlers usually discover pages from links within the site and from other sites. Sitemaps supplement this data to allow crawlers that support Sitemaps to pick up all URLs in the Sitemap and learn about those URLs using the associated metadata.<br><br>From: http://www.sitemaps.org/index.php |
|---|---|

SUS Infringement
Contentions at 2

Plaintiff's construction is so vague as to encompass the website itself, rather than a separate record of the resources of the website. But, if the database were simply the collection of resources themselves, then there would be no record of the previous state of the website, and thus no way to determine what content was new, deleted, or modified as the claim requires.

Defendants' TX *Markman* Brief at 30 (also CA Brief at 38)

11  Defendants' cites do not support Defendants' construction. A website can be or include a
12  database; a website can be a collection of information; Defendants appear to concede that fact.

SUS CA *Markman* Reply at 8

45

- Critical claim construction issue: whether the "website database" needed to be distinguished from the website or content itself

| | |
|---|---|
| 1 | specifications in the RE'683 Patent.[55] The language of the claim in which "website database" |
| 2 | appears requires that any construction of the term include a distinction between the website and the |
| 3 | resulting database. The claim states "a means for creating and modifying a database of a web site |
| 4 | wherein said website database," which, in conjunction with the language of the Summary of |
| 5 | Invention, supports that the "website database" is separate from the underlying resources on the |
| 6 | website itself.[56] The inventor likewise noted during reexamination that "the process in the . . . |
| 7 | invention checks a database representing a historical version of a web site against the current |
| 8 | version of the Web site to detect changes."[57] |
| 9 | |

Order at 15

46

- Site Update's infringement theory:
- <u>Claim Required:</u>            <u>Infringement Read:</u>



(1) Website                    (1) Newegg's website

(2) Website d̶a̶t̶a̶b̶a̶s̶e̶

(3) set of indices           (2) Newegg's Sitemap

- At *Markman*, Site Update finally conceded that the website database and website needed to be distinct

- Court noted agreement, in Order:

> 2 | preclude the website itself from hosting the database.[59] SUS, however, agreed at the hearing that
>
> 3 | the "website database" had to be distinct from just the content of the website.[60]

Order at 16

- But Site Update then reneged (which the Court did not note):

```
 2              MS. LIPSKI:  I THINK WE'D RATHER STAY WITH OUR
 3    PROPOSED CONSTRUCTION, YOUR HONOR.
 4              THE COURT:  ALL RIGHT.  AND THAT'S YOUR RIGHT, AND SO
 5    I'M HAPPY TO MAKE A DECISION ON THIS, BUT LET ME JUST MAKE SURE
 6    I DON'T MISUNDERSTAND YOUR POSITION IN ANY WAY.
 7         YOU BELIEVE THAT THE EXPLICIT LANGUAGE WHICH
 8    DISTINGUISHED -- WELL, YOU BELIEVE THAT THE CLAUSE THAT I
 9    PROPOSED, AS MODIFIED BY THE DEFENDANTS, WOULD INTRODUCE ERROR
10    BY SUGGESTING THAT THERE'S A SEPARATE AND DISTINCT REQUIREMENT
11    THAT THERE, IN FACT, IS NOT?
12              MS. LIPSKI:  YES, YOUR HONOR.
```

*Markman* Tr. at 94:2-12

- Site Update **never** disputed that its theory was that Newegg's website was the website database (before this Court until now)

- Site Update's **new** theory:
  - (1) Newegg's Sitemaps was the website database; and thus:
  - (2) the distinction between the website and website database was irrelevant to infringement

- Site Update's infringement theory:
- <u>Claim Required:</u>     Infringement Read:



(1) Website

(2) Website ~~database~~

(3) set of indices

(1) Newegg's website

(2) Newegg's Sitemap

# Baseless Infringement Theory: "Website Database"

- Site Update's new theory:

- <u>Claim Required:</u>          <u>Infringement Read:</u>

(1) Website → (1) Newegg's website

(2) Website database

(3) set of indices → (2) Newegg's Sitemap

- Problems with Assertion of the **<span style="color:red">Single</span>** Claim:
  - (1) Site Update's "highly problematic" and "likely... frivolous" Texas MPF constructions
  - (2) Site Update's "not entirely frivolous" California MPF constructions
  - (3) Site Update's failure to follow MPF law
  - (4) Site Update's assertion of single claim with indefinite concerns on four separate terms
  - (5) Court's recognition that accepting Site Update's positions would "get [the Court] in trouble"
  - (6) Site Update's infringement theory of "website database" that was contrary to the intrinsic record
  - (7) Site Update's settlement pattern that "raised eyebrows"