1  Yar R. Chaikovsky (SBN: 175421)
   ychaikovsky@mwe.com
2  Philip Ou (SBN: 259896)
   pou@mwe.com
3  McDERMOTT WILL & EMERY LLP
   275 Middlefield Road, Suite 100
4  Menlo Park, CA  94025-4004
   Telephone:     +1 650 815 7400
5  Facsimile:     +1 650 815 7401

6  Attorneys for Defendant
   NEWEGG INC.
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

11 | SITE UPDATE SOLUTIONS, LLC, | CASE NO.  C-11-CV-03306-PSG
12 | Plaintiff, | **NEWEGG INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY RELATING TO ITS MOTION FOR FEES**
13 | v. |
14 | ACCOR NORTH AMERICA, INC., ET AL., |
15 | Defendant. | JUDGE:  HON. PAUL S. GREWAL
16 |  |
17 | AND RELATED COUNTERCLAIMS |

Newegg Inc. ("Newegg") respectfully submits this Notice of Supplemental Authority Relating to its Motion for Fees ("Fee Motion") (ECF No. 673) to provide the Court a recent District of Delaware opinion, *Summit Data Systems, LLC v. EMC Corporation, et al.*, Case No. 1:10-cv-00749-GMS (ECF No. 260) (unsealed September 30, 2014) (*See* Exhibit A, "Order"), which further addresses issues specifically raised during the September 24, 2014 hearing.[1]

At the hearing, the Court questioned whether the fact that other defendants settled with Site Update suggested that the case was not exceptional. *See* Exhibit B (September 2014 Hearing Transcript) at 16:1-9; 74:13:23. *Summit Data*—having similar facts as here—found the opposite. Summit Data Systems LLC ("Summit"), like Site Update Solutions LLC ("Site Update"), is a wholly owned subsidiary of Acacia Research Corporation. Acacia sued NetApp and six other companies. Some settled, but none for more than $175,000.[2] Order at 7. One entity was dismissed before expert reports in exchange for its right to seek fees (much like twenty-two defendants in this case were dismissed after *Markman* in exchange for their right to seek fees). *Id.* at 8. NetApp (like Newegg) was similarly offered dismissal, but refused to waive its right for fees and moved for an exceptional case. *Id.* at 2-3. Notwithstanding those settlements, the Court found that "Summit's practice of extracting settlements worth a fraction of what the case would cost to litigate supports a finding of exceptionality." Order at 7.

The Court also rejected Summit and Acacia's claims that their "settlements were calculated according to the value of accused products," a similar claim made by Site Update and Acacia in this case. Order at 8. Rather, the Court explained: "Non-practicing entities like Summit and Acacia are entitled to enforce their patent rights through litigation and seek

---

[1] *Summit Data* is only one of many district court opinions that have issued since the submission of briefs or oral argument in this case demonstrating district court's willingness to grant fees under the new, "less rigid" standard, and that are also informative to the issues in Newegg's Fee Motion. *See, e.g., Chalumeau Power Sys. LLC v. Alcatel-Lucent Holding Inc.*, 2014 U.S. Dist. LEXIS 127645 (D. Del. Sept. 12, 2014) (J. Andrews) ("Chalumeau filed a frivolous lawsuit with the sole purpose of extorting a settlement fee. When it realized that was not going to happen, it dropped the case."); *Linex Techs., Inc. v. Hewlett-Packard Co.*, 2014 U.S. Dist. LEXIS 129717 (N.D. Cal. Sept. 15, 2014) (J. Wilken); *Yufa v. TSI Inc.*, 2014 U.S. Dist. LEXIS 113148 (N.D. Cal. Aug. 14, 2014) (J. Westmore).

[2] The average of the ten settlements produced by Site Update in this case is lower than the average of Summit's settlements.

Newegg's Notice of Supplemental Authority Relating to its Motion for Fees -1- CASE NO. C-11-CV-03306-PSG

settlements and licenses. 'But the appetite for licensing revenue cannot overpower a litigant's and its counsel's obligation to file cases reasonably based in law and fact and to litigate those cases in good faith.'" Order at 8, citing *Eon-Net LP v. Flagstar Bancorp*, 653 F.2d 1314, 1328 (Fed. Cir. 2011). Newegg does not suggest that Site Update's settlement pattern alone proves that this case is exceptional. But the Court inquired as to whether settlements in this case should counsel against such a finding. Just as in *Summit Data*, they should not.

In discussing the loopholes created by a denial of fees that Newegg raised in briefing and at the hearing, the Court expressed concern that a grant of fees may discourage parties in future cases from settling. *See, e.g.,* Tr. at 74:13-23; 84:25-85:20. Newegg respectfully submits that a grant of fees in cases that "stand out" such as *Summit Data* and this case will not lead to less settlements. Instead, it will discourage plaintiffs from filing lawsuits that waste the parties' and the Court's time and limited resources. This case has a unique set of facts where Site Update and Acacia asserted a single means-plus-function claim—having defect after defect—without understanding the relevant law. When compounded together, these defects and the "misunderstanding" demonstrate that Acacia never had a basis (let alone a reasonable one) to assert infringement against Newegg's website and XML Sitemaps. *See, e.g.,* ECF No. 687 (Newegg's Fee Motion Hearing Slides) ("Hearing Slides") at slide 6. Granting fees in cases like these is "necessary to deter this sort of reckless and wasteful litigation in the future." Order at 9. Indeed, the *Summit Data* court awarded fees (including expenses incurred in bringing the fee motion) despite the fact that other companies settled with Summit and Acacia.

During the hearing, the Court also discussed whether Site Update and its counsel "misstated" or "misrepresented the application of the law". *See, e.g.,* Tr. at 43:11-20; 57:17-58:2. Here again, *Summit Data* is instructive. In *Summit Data*, part of the Court's reasoning for finding the case exceptional was that Summit pursued infringement against NetApp for use of Microsoft Software, despite entering into a licensing agreement with RPX (a computer industry "patent aggregator") that gave Microsoft (an RPX member) a license to the asserted patents. In defense to NetApp's request for fees, Summit argued that its Licensing Agreement was "facially ambiguous"—in others words, it misunderstood the agreement. The Court was not convinced.

Newegg's Notice of Supplemental Authority
Relating to its Motion for Fees — - 2 –         CASE NO. C-11-CV-03306-PSG

"Moreover, Summit and Acacia are in the business of patent licensing. At best, their argument states that they were **careless** in reading their own multi-million dollar Licensing Agreement before embarking on a lawsuit spanning several years and costing the parties and the court countless resources." Order at 7 (emphasis added).

Acacia has a pattern of carelessly embarking on lawsuits. In defense to Newegg's request for fees, Site Update argued that they should be excused for failing to follow Federal Circuit case law because purportedly the "Federal Circuit's guidance is not so clear". ECF No. 676 (Site Update's Opposition Brief) at 13. But Site Update and Acacia are in the business of filing patent lawsuits in support of patent licensing. And at best, their argument states that they were "careless in reading" (and applying) clear Federal Circuit means-plus-function case law before embarking on this lawsuit spanning several years and costing the parties and the Court countless resources. In fact, this case stands out more than *Summit Data* because, despite Newegg repeatedly informing Acacia of their 'careless' reading and application of Federal Circuit law, this alleged 'carelessness' continued for over four years—up and through the September 24 hearing. *See, e.g.,* Hearing Slides at slides 9-35.

Finally, even if Site Update's failure to follow the law was just 'careless' or a "misunderstanding" (and not a conscious disregard), that 'carelessness' or "misunderstanding"—compounded by the litany of defects on the single-asserted claim in this case—makes this case exceptional. *Id.* at slide 6; Order at 8 ("**Even assuming that Summit was not acting deceptively**—'double dipping' as NetApp contends—the court still finds that the factors noted in *Octane Fitness* point toward this being an exceptional case.") (emphasis added). This Court does not need to find that Site Update or its counsel consciously disregarded the law for this case to be exceptional.

Newegg respectfully submits that the *Summit Data* opinion is informative as to several issues raised by the Court at the hearing and instructive as to whether this case "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 134 S. Ct. 1749, 1756 (2014).

Dated: October 10, 2014

McDERMOTT WILL & EMERY LLP

By: */s/ Yar R. Chaikovsky*
Yar R. Chaikovsky
Philip Ou

Attorneys for Defendant
Newegg Inc.

Newegg's Notice of Supplemental Authority Relating to its Motion for Fees - 4 – CASE NO. C-11-CV-03306-PSG

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's ECF System.

Dated:  October 10, 2014          /s/  *Philip Ou*

                                  Philip Ou

DM_US 55768314-1.087252.0011

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park